IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAYMAN W. TIMMONS,           )<br>                              )<br>           Plaintiff,     )<br>                              )<br>vs.                           )           Case No. CIV-04-636-M<br>                              )<br>JO ANNE B. BARNHART,          )<br>Commissioner, Social Security )<br>Administration,               )<br>                              )<br>           Defendant.    )   | |

## ORDER

On March 30, 2005, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation in this action in which plaintiff seeks judicial review of the final decision of defendant Commissioner of Social Security Administration ("Commissioner"), terminating plaintiff's supplemental security income benefits. The Magistrate Judge recommended that the Commissioner's decision be affirmed. The parties were advised of their right to object to the Report and Recommendation by April 19, 2005. On that date, plaintiff filed his objections.

In his objections, plaintiff objects to the Magistrate Judge's conclusion that the administrative law judge's ("ALJ") decision at step three – that plaintiff's impairments did not meet any listed impairments in Appendix 1, Subpart P, Regulation No. 4 – was supported by substantial evidence.[1] In his decision, the ALJ merely states:

> The medical evidence indicates that the claimant has mental retardation, and asthma, impairments that are severe within the meaning of the Regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart

---

[1] Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ's credibility analysis was supported by substantial evidence. Because this Court finds that the ALJ erred at step three of the analysis, it is unnecessary for the Court to address this issue.

>P, Regulations No. 4. As an adult, claimant does not meet the listings for mental retardation.

Record at 18. The ALJ does not discuss, however, the evidence or his reasons for determining that plaintiff does not meet the listings.

In the Report and Recommendation, the Magistrate Judge found that plaintiff met both the first and second prong of Listing 12.05(C), which applies to claims of disability based on mental retardation. The Magistrate Judge, however, found that plaintiff did not argue that he satisfied the additional requirement of meeting the diagnostic description of the introductory paragraph of Listing 12.05(C) and concluded that the ALJ's decision was supported by substantial evidence.

Having carefully reviewed the record, the parties' briefs,[2] the Report and Recommendation, and plaintiff's objections, the Court finds that the ALJ's conclusory finding that plaintiff did not meet the listings for mental retardation is inadequate under 42 U.S.C. § 405(b)(1). "Under this statute, the ALJ was required to discuss the evidence and explain why he found that appellant was not disabled at step three." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court further finds that the ALJ's lack of analysis is particularly disturbing in light of the Magistrate Judge's finding that plaintiff met both the first and second prong of Listing 12.05(C). Because the ALJ did not conduct the required analysis at step three, the Court finds that it would be inappropriate to affirm the ALJ's decision based solely upon plaintiff's failure to address the introductory paragraph of Listing 12.05(C) in his appeal to this Court. Accordingly, the Court finds that the Commissioner's decision should be reversed and remanded for additional proceedings at step three.

---

[2] The Court would note that in her brief, the Commissioner failed to respond to plaintiff's argument regarding the ALJ's step three determination.

Conclusion

Upon de novo review, and for the reasons set forth above, the Court:

(1) DECLINES TO ADOPT the Report and Recommendation issued by the Magistrate Judge on March 30, 2005;

(2) REVERSES the decision of the Commissioner;[3]

(3) REMANDS for further administrative proceedings consistent with this Order; and

(4) ORDERS that judgment issue forthwith in accordance with the provisions of sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED this 3rd day of May, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[3] This case involves the termination of benefits. "[W]hen a court reverses an ALJ's decision terminating benefits, the decision is vacated and is no longer in effect. Continued benefits are payable pending a new decision by the agency. 20 C.F.R. § 404.1597a(i)(6)." *Hayden v. Barnhart*, 374 F.3d 986, 994 (10th Cir. 2004) (internal quotations omitted).